**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

12/28/15

DORIAN E. RAMIREZ, CLERK
BY DTELLO

ACCEPTED
13-13-00411-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
12/23/2015 12:43:34 PM
Dorian E. Ramirez
CLERK

## NO. 13-13-00411-CV

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
12/28/2015 8:00:00 AM
DORIAN E. RAMIREZ
Clerk

## IN THE COURT OF APPEALS FOR THE THIRTEENT DISTRICT OF TEXAS CORPUS CHRISTI - EDINBURG

**KBRealtron Managment**
**Appellant,**

v.

**STEPHANIE DELEON**
**Appellee.**

## APPELLANT'S MOTION FOR REHEARING EN BANC

Appellant asserts that the Court erred in denying remedy to Appellant who originally filed suit to obtain relief from a tenant who signed a lease and did not pay any compensation, which amounts to breach of contract

1. It is clear from the record that Appellant filed suit for payment of $10,000+ which Appellee owned under the terms of a signed lease with Appellant.

2. The record reflects, and it is clear from the record, that Appellee never paid any rent while living in the leased property.

3. The record shows that only the actions of the judge kept Appellant from receiving judgment in the case.

KBRealtron's Motion for Rehearing En Banc                    Page 1

4. Appellant asserts:

1) The trial judge clearly committed abuse of discretion at the trial.

2) After receiving evidence of a) the lease[1] which Ms. Deleon testified she signed, and b) the testimony that she had never paid a dime while living in the property, the court had a duty to confer the remedy of judgment against Ms. Deleon in favor of Appellant.

3) The law in a breach of contract case is fairly clear: there was a contract, the contract was breached. Those were the facts before the trial court and the facts on appeal. The record was cited in order for the appeals court to obtain evidence of a breach of contract.

4) The trial court did not analyze or apply the law correctly and thus, an abuse of discretion occurred. *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992).

5) The lease met all the criteria of a contract, i.e., there was an offer, the lease contained clear and definite terms, the offer was communicated to the offeree, there was acceptance, the offeree accepted the contract in its entirety and signed the lease, there was mutual assent, the lease contained terms, the lease contained a time for performance, the lease was signed and returned to Appellant, which constitutes delivery, and consideration was listed.

---

[1] **RR Vol.3 Exhibit 1**

6)     Appellee immediately breached the contract by not complying with the terms of consideration.

7)     There was no question in the case that was presented at trial that Appellee was in breach of contract and Appellant was entitled to a judgment.

Appellant asks that the en banc Court reexamine the request for relief in the form of a money judgment which was presented to the County Court, and which ignored the facts and the law.

FOR THESE REASONS, Appellant KBRealtron asks the en banc Court to render its opinion in favor of Appellant, declare Stephanie Deleon to have been in breach of contract and issue a judgment against Stephanie Deleon in the amount of $10,055.42.

Respectfully submitted,

Kevin Bierwirth
13276 Research Blvd. Ste. 204
Austin, Texas 78750
(512) 825-0331

## CERTIFICATE OF SERVICE

I, the undersigned certify that a true and correct copy of Appellant's Motion for Rehearing En Banc was sent by U. S. Postal service on December 21, 2015 to:

Stephanie DeLeon
4108 Kilgore Lane
Austin, Texas 78727

## CERTIFICATE OF COMPLIANCE

I, the undersigned, hereby certify that this motion contains 551 words in 14 point New Times Roman font.